UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DANIEL HUDSON,<br>No. 21149533,<br><br>    Plaintiff,<br><br>v.<br><br>SAN DIEGO SHERIFF'S DEPARTMENT,<br><br>    Defendants. | Case No.: 3:22-cv-0196-CAB-RBM<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PREPAY FILING FEES** |

Plaintiff Jeffrey Daniel Hudson, currently housed at the George Bailey Detention Facility located in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (*See* Compl., ECF No. 1.)  Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402. *See* 28 U.S.C. § 1914(a).[1] The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84–85.

While Plaintiff seeks leave to proceed IFP, he has not attached a certified copy of his Inmate Statement Report for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).  Without these certified trust account statements, the Court is unable to assess the appropriate amount of the initial filing fee which may be statutorily required to initiate the prosecution of this case.  *See* 28 U.S.C. § 1915(b)(1).

## II.  Conclusion and Order

For this reason, **IT IS ORDERED** that:

(1)  Plaintiff's Motion to Proceed IFP (ECF No. 2) is **DENIED** and the action is **DISMISSED** without prejudice for failure to prepay the $402 civil filing fee required by 28 U.S.C. §§ 1914(a);

(2)  Plaintiff is **GRANTED** forty-five (45) days from the date this Order in which to re-open his case by either:  (a) prepaying the entire $402 civil filing and administrative fee in one lump-sum; or (b) filing a renewed Motion to Proceed IFP, **which includes a prison certificate, signed by a trust accounting official attesting as to his trust account balances and deposits and/or a certified copy of his Inmate Statement Report for the 6-month period preceding the filing of his Complaint** pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b); and

(3)  The Clerk of the Court is **DIRECTED** to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis" for his use and convenience.

**IT IS SO ORDERED.**

Dated:  March 3, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge